UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID L. BATEMAN, ET AL.                                       CIVIL ACTION

VERSUS

SAFECO INSURANCE COMPANY OF                       NO. 24-00866-BAJ-EWD
AMERICA

### RULING AND ORDER

Before the Court is Defendant's **Rule 12(b)(6) Motion To Dismiss (Doc. 15)**. The Motion is opposed. (Doc. 19). Defendant filed a Reply Brief. (Doc. 20). For the reasons stated herein, the Motion is **DENIED**.

### I. BACKGROUND

This is an insurance dispute stemming from a May 25, 2022 fire at Plaintiffs' home (the "Property"). (Doc. 14). Defendant Safeco Insurance Company of Oregon insured the Property under an insurance policy (the "Policy"). (*Id.* at ¶¶ 3–4). The Policy allegedly covered the losses and damages the fire caused to the Property. (*Id.* at ¶ 8).

Plaintiffs allege that they reported losses from the fire to Defendant and that Defendant acknowledged notice of the loss. (*Id.* at ¶ 5). Defendant allegedly inspected the Property. (*Id.* at ¶ 7). On June 6, 2022, Defendant allegedly issued a check to Plaintiffs for $15,348.18 as a "partial payment" pending review of additional documentation and evaluation of losses. (*Id.* at ¶ 9).

On September 22, 2022, Defendant allegedly provided its estimate of damage

to the Property totaling $60,343.68. (*Id.* at ¶ 10). Although Defendant provided an updated damage estimate, Plaintiffs allege that Defendant did not pay the estimated amount to Plaintiffs. (*Id.* at ¶ 11). Plaintiffs allege that they are entitled to recover the full value of their losses and damages caused by the fire in addition to the amount of the estimate Defendant prepared. (*Id.* at ¶ 12).

## II. PROCEDURAL HISTORY

On June 4, 2024, Plaintiffs filed suit in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (Doc. 1-1). Thereafter, Defendant removed this matter to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ¶ 7). Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Meadors v. D'Agostino*, No. CV 18-01007-BAJ-EWD, 2020 WL 1529367, at *3 (M.D. La. Mar. 30, 2020) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Plaintiffs then amended their Complaint. (Doc. 14). Now, Defendant moves to dismiss Plaintiffs' claims against it, arguing that Plaintiffs' claims are prescribed. (Doc. 15).

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## IV. DISCUSSION

Defendant asks the Court to dismiss Plaintiffs' claims on the sole basis that Plaintiffs' claims are prescribed. (Doc. 15 at 1). The Policy contains the following language:

> **Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions and the action is started ***within two years after the inception of the loss or damage***.

(*Id.*; Doc. 15-2 at 28 (emphasis added)). Plaintiffs allege that the date of loss was May 25, 2022. (Doc. 14 at ¶ 4). Plaintiffs filed suit on June 3, 2024, more than two years after the date of loss. (Doc. 1-1). Accordingly, Defendant contends that Plaintiffs' claims are prescribed.

Plaintiffs respond that Defendant's partial payment to Plaintiffs on June 6, 2022, was an "acknowledgment" of Defendant's debt, which interrupted the two-year filing deadline under the Policy. (Doc. 19 at 2). Thus, Plaintiffs argue that their claims are not prescribed because they filed suit on June 4, 2022, within 2 years of Defendant's June 6, 2022 partial payment. (*Id.* at 5).

Louisiana jurisprudence recognizes three theories on which a plaintiff may rely to establish that prescription has not run: suspension, interruption, and renunciation. *Taranto v. La. Citizens Prop. Ins. Corp.*, 2010-0105 (La. 3/15/11), 62 So. 3d 721, 726–27 (internal citations omitted). Here, Plaintiffs argue interruption. "If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of interruption." *Id.* (citing La. Civ. Code art. 3466; *Adams v. Stalder,* 2006–0051 (La. App. 1st Cir. 3/17/06), 934 So. 2d 722, 725).

The Louisiana Supreme Court has held that "[i]n an insurance lawsuit, the time period that a [p]laintiff has to bring this action may be derived from either the general statutes of limitations or the terms of the particular insurance policy." *Taranto,* 62 So. 3d at 727 (citing Lee R. Russ and Thomas F. Segalla, 16 Couch on Insurance 3d, § 234:1 (2005), p. 234–9). The Louisiana Supreme Court emphasized that the purpose of a limiting time period is to "insure that claims are asserted within a reasonable time, . . . [and] to insure that notice of claims are given to adverse parties in order to prevent fraudulent and stale claims from springing up at great distances of time and surprising the other party."

4

*Taranto*, 62 So. 3d at 727 (internal citations omitted). The court reasoned that "[i]nsurers, like other individuals, are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume." *Taranto*, 62 So. 3d at 728 (citing *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. 1994)).

The Louisiana Supreme Court held, however, that although parties to an insurance contract may limit the prescriptive period, "they may not, as a matter of law, contractually 'opt out' of prescription, abrogate the prescriptive periods established by law, or divest said time limitations of their prescriptive nature." *Taranto*, 62 So. 3d at 728, 732. ("In the **absence** of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid."). Although "[t]ypically, prescription begins to run from the date of the loss[,]" Louisiana Civil Code article 3464 provides that "[p]rescription is interrupted when one acknowledges the right of a person against whom he had commenced to prescribe." *See Taranto*, 62 So. 3d at 727 (citing La. Civ. Code art. 3454). Here, Plaintiffs contend that Defendant's June 6, 2022 payment constituted such an acknowledgment.

Under Louisiana law, it is clear that Defendant, an insurer, may limit the time in which insureds may file claims against it in the contractual language contained in its insurance policies. Typically, the clock begins to run on the date of loss, which in this case, was May 25, 2022. The question before the Court thus becomes whether Defendant's June 6, 2022 partial payment to Plaintiffs constituted an

5

"acknowledgment" under Louisiana law that interrupted prescription. (*See* Doc. 14 at ¶ 9). If Defendant's partial payment is an "acknowledgment" under Louisiana Civil Code article 3464, the clock will "run anew" or start over after June 6, 2022. Thus, if Defendant's partial payment constituted an acknowledgment, Plaintiffs' June 4, 2024 lawsuit is timely.

Plaintiffs rely on *Demma v. Auto. Club Inter-Ins. Exch.* in support of their argument, in which the Louisiana Supreme Court held that defendant's unconditional payment to plaintiff in an insurance case was a "tacit acknowledgment that interrupted prescription."[1] 2008-2810 (La. 6/26/09), 15 So. 3d 95, 105. In *Demma*, the court found that prescription began to run anew after the date on which defendant issued unconditional payment to plaintiff. *Id.* ("The unconditional payment was tendered on November 8, 2006, after which date, prescription began to run anew.").

Plaintiffs also rely on *Mallett v. McNeal*, in which the Louisiana Supreme Court concluded that an "unconditional payment of property damage claim constitutes an acknowledgment interrupting prescription."[2] 2005-2289 (La. 10/17/06), 939 So. 2d 1254, 1264.

---

[1] In *Demma*, the Louisiana Supreme Court sought to determine "whether an uninsured/underinsured motorist carrier's unconditional payment of monies to its insured for damages sustained in an automobile accident with an underinsured motorist pursuant to LSA–R.S. 22:658 and *McDill v. Utica Mutual Insurance Company*, 475 So. 2d 1085 (La. 1985), constitutes an acknowledgment sufficient to interrupt prescription." *Demma v. Auto. Club Inter-Ins. Exch.*, 2008-2810 (La. 6/26/09), 15 So. 3d 95, 96–97.

[2] In *Mallett*, the Louisiana Supreme Court sought to determine "whether the insurance companies' actions with regard to the property damage claims of third party claimants qualified as acknowledgments sufficient to interrupt prescription or qualified as settlements[.]" *Mallett v. McNeal*, 2005-2289 (La. 10/17/06), 939 So. 2d 1254, 1256.

6

Defendant argues that *Demma* and *Mallett* are distinguishable because neither case involved a first party insurance claim.³ (Doc. 20 at 4). Defendant relies on *Crescent City* and *Wolfe World*, two cases from the Louisiana Fourth Circuit Court of Appeals, in which the Fourth Circuit found that the filing deadlines contained in insurance policies were not subject to interruption. *Crescent City Prop. Redevelopment Assocs., LLC v. S. Fid. Ins., Inc.*, 2014-0862 (La. App. 4th Cir. 12/17/14), 158 So. 3d 100, 107 ("We find that the filing deadlines within the insurance policies are contractual and not statutory; hence, they are not subject to interruption or suspension."); *Wolfe World, LLC v. Stumpf*, 2010-0209 (La. App. 4th Cir. 7/7/10), 43 So. 3d 311, 316, *writ denied*, 2010-1834 (La. 10/29/10), 48 So. 3d 1092 ("Because this is a first-party suit for breach of an insurance contract, [defendant's] prior payments in this case do not interrupt prescription.").

Defendant also relies on the Louisiana Supreme Court's 2024 decision in *Wilson v. La. Citizens Prop. Ins. Corp.* 2023-01320 (La. 1/10/24), 375 So. 3d 961. There, the court analyzed similar contractual language and found that plaintiff's claim was prescribed "[b]ecause plaintiff's suit was filed more than two years from the date of her loss."⁴ *Id.* at 962. The *Wilson* court, however, does not appear to have

---

³ This case involves a first-party insurance claim. (Doc. 14). Property insurance is considered "first-party" insurance in the sense that it covers a loss sustained by the insured, the first party to the insurance contract. Conversely, liability or "third-party" insurance covers the insured's liability to a third party (a non-party to the insurance contract) for that party's loss. *Doucet-Speer, APLC v. State Farm Fire & Cas. Co.*, No. CV 20-513-SDD-RLB, 2025 WL 1672383, at *10 (M.D. La. June 12, 2025) (citing *Mangerchine v. Reaves*, 2010-1052 (La. App. 1st Cir. 3/25/11), 63 So.3d 1049, 1055 n.4; Black's Law Dictionary (8th ed. 2004)).

⁴ The insurance policy at issue similarly provided that "[n]o action can be brought unless the

grappled with interruption of prescription.

Finally, Defendant asks the Court to recognize *dicta* in *Taranto*, in which the Louisiana Supreme Court stated when describing a lower court's opinion: "[T]he court correctly held that the unconditional payment of a first party property claim did not constitute acknowledgment sufficient to interrupt prescription."[5] *Taranto v. La. Citizens Prop. Ins. Corp.*, 2010-0105 (La. 3/15/11), 62 So. 3d 721, 730.

As the jurisprudence appears to be less than clear, the Court turns to other Louisiana federal district courts that have grappled with similar issues. In *Caldwell v. GeoVera Specialty Ins. Co.*, the U.S. District Court for the Western District of Louisiana held that under Louisiana law, an insurance company's unconditional payment on plaintiffs' first-party insurance claim interrupted prescription. *Caldwell v. GeoVera Specialty Ins. Co.*, No. 2:24-CV-01023, 2024 WL 4245493, at *2 (W.D. La. Sept. 19, 2024), *reconsideration denied*, No. 2:24-CV-01023, 2024 WL 4710376 (W.D. La. Nov. 7, 2024) ("To the extent [defendant] made an unconditional payment on plaintiffs' claim within two years of this suit being filed, it interrupted prescription and plaintiffs' suit is timely.").

---

policy provisions have been complied with and the action is started within two years after the date of loss." *Wilson v. La. Citizens Prop. Ins. Corp.* 2023-01320 (La. 1/10/24), 375 So. 3d 961.

[5] "Strictly speaking an 'obiter dictum' is a remark made or opinion expressed by a judge, in his decision upon a cause, 'by the way' — that is, incidentally or collaterally, and not directly upon the question before the court; or it is any statement of law enunciated by the judge or court merely by way of illustration, argument, analogy, or suggestion . . . In the common speech of lawyers, all such extrajudicial expressions of legal opinion are referred to as 'dicta,' or 'obiter dicta,' these two terms being used interchangeably." DICTUM, Black's Law Dictionary (12th ed. 2024) (citing William M. Lile et al., *Brief Making and the Use of Law Books* 304 (Roger W. Cooley & Charles Lesley Ames eds., 3d ed. 1914)).

8

The Western District has rendered other decisions with similar holdings and reasoning. *See Willis v. State Farm Ins. Co.*, No. 2:22-CV-05556, 2025 WL 2463770, at *2 (W.D. La. Aug. 25, 2025) ("[T]his Court has held that notwithstanding policy language that may limit a prescriptive period, an insurer's unconditional payment of portions of a claim constitutes 'acknowledgement' interrupting prescription under Louisiana Civil Code article 3466."); *Gray v. State Farm Fire & Cas. Co.*, No. CV 23-1053, 2025 WL 1213860, at *3 (W.D. La. Apr. 25, 2025) ("Tacit acknowledgment arises where there are 'acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability.'"); *Id.* at *4 ("Here, [defendant] does not argue that there has been any reparation, indemnity, or unconditional offer or payment."); *C R U Shreveport, LLC v. United Nat'l Ins. Co.*, No. 20-CV-151, 2020 WL 5948283, at *5 (W.D. La. Sept. 1, 2020), *report and recommendation adopted sub nom. CRU Shreveport, LLC v. United Nat'l Ins. Co.*, No. CV 5:20-0151, 2020 WL 5949977 (W.D. La. Oct. 7, 2020) ("The undersigned respectfully disagrees with the distinction offered in *Crescent City*. *Taranto* appears to have rejected the rationale that a policy period is solely a matter of contract and not subject to suspension or interruption.").

Earlier this year, the U.S. District Court for the Eastern District of Louisiana considered a similar issue and emphasized: "To be sure, Louisiana law allows an insurer to contractually shorten a prescriptive period so long as there is no 'statutory prohibition.'" *Thompson v. Chubb Eur. Grp. SE*, No. CV 24-946, 2025 WL 673583, at *4 (E.D. La. Mar. 3, 2025) (citing *Taranto v. La. Citizens Prop. Ins. Corp*, 2010-105,

9

p. 8 (La. 3/15/11); 62 So. 3d 721, 727). The Eastern District held, however, that "an insurer like [defendant] may not contractually 'opt out' of 'the general codal and statutory rules of prescription,' including the rules governing interruption and suspension of prescription. *Thompson*, 2025 WL 673583, at *4 (citing *Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 2011-2835, p. 10 (La. 11/2/12); 125 So. 3d 1057, 1063; *Taranto*, 62 So. 3d at 732, 734 (rejecting insurer's argument that a "Suit Against Us" provision in an insurance policy was a "contractual" prescriptive period not subject to suspension or interruption)). The court considered *Cresent City* and *Wolfe World*, and held:

> The Louisiana Fourth Circuit cases [defendant] cites do not change the Court's interruption analysis or the result. In each one, the Louisiana Fourth Circuit reasoned that a "contractual" prescriptive period in an insurance policy was not subject to interruption or suspension. *See Crescent City*, 158 So. 3d at 105–06; *Lila*, 994 So. 2d at 147; *Wolfe World*, 43 So. 3d at 314–15. But the Supreme Court of Louisiana has rejected the Louisiana Fourth Circuit's reasoning. *See, e.g., Taranto*, 62 So. 3d at 732, 734 (reasoning that a "contractual" prescriptive period in an insurance policy was a "prescriptive period prescribed by law" and thus subject to "the laws with respect to interruption and suspension"). ***And in this Erie context, the Court must faithfully apply the reasoning of the Supreme Court of Louisiana's on-point precedent—not the conflicting reasoning of the Louisiana Fourth Circuit.*** *Cf. Primrose Operating*, 382 F.3d at 565 (an *Erie* court looks to state intermediate appellate precedent only when the state supreme court "has not spoken on an issue").

*Thompson*, 2025 WL 673583, at *4 (emphasis added). The court ultimately found that "[b]ecause [plaintiff] filed this second suit within two years after the two-year prescriptive period 'commence[d] to run anew' on February 23, 2024, [plaintiff's] claims are not prescribed." *Id.* at *3.

The Court agrees with the Eastern and Western District's interpretation of

10

Louisiana Supreme Court precedent. The Louisiana Supreme Court held in *Taranto* that contractual filing deadlines contained in insurance policies are subject to Louisiana laws on prescription. Louisiana law provides that prescription is interrupted by an acknowledgment. Louisiana courts and federal courts applying Louisiana law have found that that a partial payment, such as Defendant's alleged June 6, 2022 partial payment to Plaintiffs here, is an acknowledgment that interrupts prescription. *See supra.* Thus, after June 6, 2022, prescription began to run anew. *See Demma v. Auto. Club Inter-Ins. Exch.*, 2008-2810 (La. 6/26/09), 15 So. 3d 95, 105 ("The unconditional payment was tendered on November 8, 2006, after which date, prescription began to run anew."). Plaintiffs' suit, filed on June 4, 2024, is therefore timely.

Accordingly, Defendant's Motion is **DENIED**.

V. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's **Rule 12(b)(6) Motion To Dismiss (Doc. 15)** is **DENIED**.

Baton Rouge, Louisiana, this **24th** day of September, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA